### In re JIM SLEMONS HAWAII, INC., Debtor,

**Jim Slemons Hawaii, Inc., Appellant,**

v.

**UST–United States Trustee, Honolulu and Continental Investment Company, LTD., Appellees.**

No. 11–60071.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 10, 2013.*

Filed Oct. 21, 2013.

Anthony Paul Locricchio, Esquire, Anthony P. Locricchio Law Office, Kailua, HI, for Appellant.

Curtis B. Ching, Terri Hawkins Didion, Trial, Office of the United States Trustee, Jerrold K. Guben, Esquire, Bankruptcy Counsel, Miranda Tsai, O'Connor Playdon & Guben LLP, Honolulu, HI, Noah M. Schottenstein, Trial, DOJ–U.S. Department of Justice, Washington, DC, for Appellees.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KOZINSKI, Chief Judge, and FISHER and WATFORD, Circuit Judges.

## MEMORANDUM [**]

1. The bankruptcy court properly granted Continental's motion to terminate the lease. To avoid termination, debtor had to assume the lease, which it could do only by filing a formal motion requesting court approval, stating particular grounds, and providing Continental with adequate notice and opportunity for a hearing. *See Sea Harvest Corp. v. Riviera Land Co.,* 868 F.2d 1077, 1079 (9th Cir.1989); Fed. R. Bankr.P. 9014. Debtor did not file such a motion. It did file a motion to pay only a certain portion of rent due, but as a matter of law that motion did not suffice to effectuate an assumption of the lease. *See Sea Harvest,* 868 F.2d at 1079. The bankruptcy court did not abuse its discretion by denying debtor's set-aside motion. Debtor filed the motion thirty-three days after entry of judgment, well after the fourteen-day deadline set by Federal Rule of Bankruptcy Procedure 9023.

2. The bankruptcy court properly granted Continental's administrative rent motion. Even though debtor failed to assume the lease, it was required to pay rent until the lease was formally terminated. *See* 11 U.S.C. § 365(d)(3); *In re At Home Corp.,* 392 F.3d 1064, 1068 (9th Cir.2004). The bankruptcy court also properly denied debtor's offset and sublessee rent motions. Debtor failed to rebut evidence showing that its account had been fully credited and that Continental permissibly collected subrents pursuant to a prior agreement between debtor and Continental.

3. The bankruptcy court did not abuse its discretion by dismissing debtor's Chapter 11 case for cause under 11 U.S.C. § 1112(b). Debtor's failure to assume its lease with Continental resulted in a "diminution of the estate," and without that asset there was an "absence of a reasonable likelihood of rehabilitation." § 1112(b)(4)(A).

4. The bankruptcy court retained ancillary jurisdiction after dismissing the bankruptcy case, which authorized the court to decide the attorney's fees motion and to enforce its earlier order granting administrative rent. *See In re Taylor,* 884 F.2d 478, 481 (9th Cir.1989); *In re Univ. Farming Indus.,* 873 F.2d 1334, 1335 (9th Cir. 1989).

5. We lack jurisdiction to review the bankruptcy court's order denying the attorney's fees motion because debtor's notice of appeal was untimely. The June 29, 2010, order denying fees was a final order. *See In re Yermakov,* 718 F.2d 1465, 1468–69 (9th Cir.1983). Debtor filed its notice of appeal well after the fourteen-day jurisdictional deadline imposed by Rule 8002 had passed. *See* Fed. R. Bankr.P. 8002; *In re Wiersma,* 483 F.3d 933, 938 (9th Cir. 2007). Even if debtor's appeal was timely—which it was not—the bankruptcy court did not abuse its discretion by denying debtor's motion for attorney's fees.

6. The bankruptcy court did not abuse its discretion by rejecting debtor's challenge to Judge Faris's impartiality. A "reasonable person with knowledge of all the facts" would not conclude Judge Faris's impartiality "might reasonably be questioned" because there is no credible evidence of extrajudicial bias. *In re Focus*

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Media, Inc.,* 378 F.3d 916, 929 (9th Cir. 2004). Debtor also failed to show that the bankruptcy court's rulings were the product of "deep-seated favoritism or antagonism that [made] fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

**AFFIRMED in part, DISMISSED in part.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.